IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CYNTHIA L. ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil No. 13-cv-951-JPG-CJP |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's Motion (Doc. 32) for Attorney's Fees Under the Equal Access to Justice Act. Defendant filed a response (Doc. 35) in opposition and the plaintiff filed a reply (Doc. 36).

Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(A), the Court shall award attorney's fees and expenses to a prevailing party in a civil action against the United States, including proceedings for judicial review of agency action, unless the government's position was substantially justified. The hourly rate for attorney's fees is not to exceed $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." §2412(d)(2)(A).

This case was remanded to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. §405(g). Plaintiff is, therefore, the prevailing party. See, *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

In her response to the motion, the Commissioner argues that the Court should not award fees because the government's position was substantially justified. The EAJA does not define

1

the term "substantially justified," and the Seventh Circuit has recognized that its meaning in this context is not "self-evident." *U.S. v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 381 (7th Cir. 2010). However, in view of the purpose of the Act, substantially justified means something more than "not frivolous;" the government's position "must have sufficient merit to negate an inference that the government was coming down on its small opponent in a careless and oppressive fashion." *Id.*, at 381-382.

The government's position is substantially justified where it had a "reasonable basis in law and fact, that is, if a reasonable person could believe the position was correct." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004)(internal citations omitted). The Commissioner bears the burden of demonstrating that her position was substantially justified, and the Court must make a determination based on an assessment of both the government's pre-litigation and litigation conduct, including the decision of the ALJ. *Ibid.*

The evidence in the administrative record and the specifics of the ALJ's decision are discussed in detail in the Memorandum and Order (Doc. 30) remanding the case.

Plaintiff argued that the ALJ erred in assessing her credibility, in weighing the medical opinions, and in assessing her residual functional capacity ("RFC"). This Court rejected her first point, found merit in her third point, and deferred ruling on her second point.

This Court concluded that the ALJ erred in assessing plaintiff's ability to use her hands. The ALJ found that she was limited to frequent, as opposed to occasional, handling and fingering. This Court noted that Ms. Allen's ability to use her hands is dispositive of her application for benefits because the ALJ also found that she was capable of only sedentary work. The agency's own guidance provides "Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions. Any significant manipulative limitation of

an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the unskilled sedentary occupational base." SSR 96-9P, 1996 WL 374185, p. 8.  The ALJ acknowledged that sedentary work requires "good bilateral manual dexterity" and, if plaintiff were limited to only occasional handling and fingering, she would be deemed to be disabled.  *See,* Tr. 848.

Despite recognizing that a limitation to only occasional handling and fingering would mandate that Ms. Allen's application be granted, the ALJ failed to explain why he concluded that she was capable of frequent handling and fingering.  In addition, he failed to explain how he viewed the significance of evidence that plaintiff had a tremor in her right hand.  This Court found that these two errors required that the Commissioner's final decision be reversed and remanded.

The Commissioner characterizes the ALJ's error as "an error of articulation," and argues an error of articulation does not necessitate a finding that the government's position was not substantially justified." Doc. 35, p. 5.  The Commissioner cites *Stein v. Sullivan*, 966 F.2d 317, 319-320 (7th Cir. 1992), in support of this argument.   However, *Stein* did not establish a *per se* rule that attorney's fees will not be awarded whenever the error was a failure to meet the articulation requirement. *See Conrad v. Barnhart*, 434 F.3d 987, 991 (7th Cir. 2006).

The Commissioner also points out that the Court characterized the issue of whether the ALJ built the requisite logical bridge between the evidence and his conclusion as a "close question."  Doc. 35, pp. 3-4.  This is an incorrect reading of the Court's decision.  The Court characterized as close the issue of whether plaintiff should be limited to occasional or frequent handling and fingering.  The Court explained that the question "is a close one because of the

3

timing of the diagnosis of carpal tunnel syndrome relative to the date last insured." Doc. 30, p. 21.

Having recognized that plaintiff's ability to use her hands was dispositive, the ALJ's failure to explain why he decided she was capable of frequent handling and fingering, and his failure to explain how he viewed the evidence of a hand tremor was not substantially justified. Compounding the problem, as the Court noted, the Commissioner failed to meet plaintiff's argument head-on in her brief. *See* Doc. 30, p. 22. It is difficult to now accept her argument that her position was substantially justified when she failed to justify it in her merits brief.

The Court finds that the Commissioner's position was not substantially justified, and therefore finds that plaintiff is entitled to an award of attorney's fees under the EAJA.

The Commissioner has not challenged either the hourly rate or the number of hours claimed by plaintiff's counsel. Despite this failure, the Court has carefully reviewed the motion and supporting exhibits, and finds that both are reasonable.

As to the hourly rate, counsel asks the Court to award him $189.63 per hour for attorney time and $95.00 per hour for legal assistant time. The Court finds that counsel has adequately supported his argument as to the rate of compensation. *See Sprinkle v. Colvin*, 777 F.3d 421 (7th Cir. 2015).

In the original motion, counsel claims a total of 48 hours of attorney time and 1.5 hours of legal assistant time. In the absence of any challenge from the Commissioner, the Court finds this to be a reasonable amount of time to spend on this case. In addition, counsel spent 2.5 hours in replying to the Commissioner's response, and he properly asks to be compensated for that time as well. Doc. 36, p. 5.

Counsel also claims costs in the amount of $350.00, representing the amount of the filing fee.  The motion is incorrect as to the amount of the filing fee; it was $400.00.  Counsel's calculations are off in that he asks for a total of $10,258.44 *plus* the filing fee, but, by the Court's calculations, the figure of $10,258.44 already includes $350.00 for the filing fee.  See, EAJA Itemization, Doc. 32, Ex. 3.

For the reasons discussed above, plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (**Doc. 32)** is **GRANTED.**

The Court awards attorney's fees in the amount of **$9,908.44** (nine thousand nine hundred and eight dollars and forty-four cents) and costs in the amount of **$400.00** (four hundred dollars).

The amount awarded is payable to plaintiff and is subject to set-off for any debt owed by plaintiff to the United States, per *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010).  However, in accordance with the assignment executed by plaintiff (Doc. 32, Ex. 2), any amount that is not used to satisfy an outstanding debt shall be made payable to plaintiff's attorney.

**IT IS SO ORDERED.**

DATED:   11/1/2016

*S/J. Phil Gilbert*
**J. PHIL GILBERT
DISTRICT JUDGE**